# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| Eghomware Igbinovia, | ) | Case No.: 2:07-cv-01170-GMN-GWF |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Catholic Healthcare West, St. Rose | ) | |
| Dominican Hospitals-Siena Campus, and | ) | |
| Jason Glick, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendants' Motion to Dismiss (ECF No. 70).  Plaintiff filed a Response (ECF No. 75) and Defendants subsequently filed a Reply (ECF No. 76).

Defendant's Motion to Dismiss is DENIED.

## FACTS AND BACKGROUND

This case involves an employment discrimination claim brought under Title VII of the Civil Rights Act of 1964 (''Title VII") and the corresponding Nevada Revised Statute 613.330 et seq. by Plaintiff, Eghomware Igbinovia, against Defendants, St. Rose Dominican Hospitals-Siena Campus ("St. Rose"), a hospital owned by Catholic Healthcare West ("Healthcare"), and Jason Glick ("Glick"), Plaintiff's supervisor. Plaintiff was a pharmacist employed by St. Rose and was the only African-American employed at all three of St. Rose's Las Vegas locations. (Complaint pg. 2, ECF No. 1). In the Complaint, Plaintiff alleges that his white colleagues were given preferential assignments to the ICU unit and promotions to pharmacy supervisor positions. (*Id.* at pp.

2-3).  On February 7, 2007, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at pg. 3).  Almost three (3) weeks later, on February 27, 2007, Plaintiff was terminated, allegedly for his internet usage and a decline in his productivity. (*Id.*).

After filing a formal charge of discrimination with the EEOC, Plaintiff received a right-to-sue notice on June 25, 2007.  On August 30, 2007, Plaintiff filed his initial Complaint in the U.S. District Court for the District of Nevada. (ECF No. 1).  This initial Complaint asserted three (3) causes of action against Healthcare and St. Rose: (1) unlawful discriminatory employment action; (2) retaliation; and (3) wrongful termination. (*Id.*).  The 90-day limitations period for bringing a Title VII action after the issuance of a right-to-sue notice expired September 26, 2007.  The initial Complaint was never served on Healthcare or St. Rose.  However, before the 120-day time period to serve process on the initial Complaint pursuant to Fed. R. Civ. P. 4(m) expired, on December 30, 2007, Plaintiff filed an Amended Complaint adding Glick as a defendant to the three original causes of action. (ECF No. 6)  Plaintiff then timely served all Defendants with the Amended Complaint. (ECF No. 12).

This case was previously assigned to the Honorable Brian E. Sandoval, District Judge, and the Honorable Robert C. Jones, District Judge.  On July16, 2008, Judge Sandoval dismissed Plaintiff's Title VII and N.R.S. 613.330 claims against Glick. (ECF No. 28)  Additionally, Judge Sandoval granted Plaintiff's Counter-Motion for Leave to Amend, permitting Plaintiff to file a Second Amended Complaint to add claims of intentional and negligent infliction of emotional distress and to join Glick as a defendant to those claims. (*Id.*).  At the close of discovery, Defendants filed a motion seeking partial summary judgment on Plaintiff's claims for (1) intentional inflictions of emotional distress; (2) negligent infliction of emotional distress; and (3) full front/back pay.  (ECF

No. 48).  Judge Jones granted Defendants' motion. (ECF No. 61, pg 7.)

Defendants also filed two (2) motions in limine to exclude undisclosed evidence of damages and exclude all documents and witnesses produced untimely. (ECF No. 46 & 47).  Judge Jones found that Plaintiff did not properly disclose evidence of damages as required by Federal Rule of Evidence 26. (Order pp. 4-5, ECF No. 61).  Accordingly, Judge Jones held that the sanction of Rule 37(c)(1) applies to Plaintiff's failure to disclose evidence of damages, rendering any evidence of damages excluded from trial. (*Id.*).  In addition, this Court held that because Plaintiff did not demonstrate substantial justification for his failure to provide initial disclosures for over 13 months after the first disclosure deadline or that these untimely disclosures were harmless, all witnesses and documents produced in Plaintiff's initial disclosure statement would be excluded. (*Id.* at 5-7).

## DISCUSSION

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a

complaint from the conceivable to the plausible in order to state a claim. *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Fed. R. Evid. 201, a court may take judicial notice of

"matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

This court has dismissed all of Plaintiff's claims for actual damages. Plaintiff did not provide a computation of damages in support of a claim for front pay and back pay and thus Judge Jones ruled to grant Defendants' Motion in Limine to exclude evidence of damages and to grant Defendants' Motion for Partial Summary Judgment. Plaintiff failed to testify as to any actual emotional distress at the time of his deposition. Accordingly, Judge Jones ruled in favor of Defendants in granting their Partial Summary Judgment motion for Plaintiff's claims of non-economic damages for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Plaintiff has no proof of damages to present to this Court. The only remaining claim before this Court is for punitive damages for a violation of Title VII.

## 1. **Punitive Damages**

The statutory standard for awarding punitive damages under §1981 is whether the defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. §1981a(b)(1). "An award of punitive damages under Title VII is proper where the acts of discrimination giving rise to liability are willful and egregious, or display reckless indifference to the plaintiff's federal rights." *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998). Punitive damages may not be awarded, however, where a defendant's conduct is merely negligent. *Id.* If compensatory damages are not awarded in a Title VII action, punitive damages are not precluded because nominal damages can still be awarded. *See Wilson v. Brinker Intern., Inc.,* 248 F.Supp.2d 856 (D. Minn. 2003)(holding that even if jury awarded no

compensatory damages Plaintiff was entitled to at least nominal damages which is enough to support punitive damages award); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1352 (7th Cir.1995) (holding that award of compensatory damages is not necessary to support award of punitive damages under § 1981); *Timm v. Progressive Steel Treating, Inc.*, 137 F.3d 1008, 1010 (7th Cir.1998) (holding, post- Gore, no requirement of compensatory damages to support punitive damage award in Title VII sex discrimination suit).

The Defendants argue that it is impossible for Plaintiff to demonstrate entitlement to punitive damages because he has not submitted a witness list or any other evidence to sustain an award of punitive damages.  Plaintiff argues that all the witnesses necessary to prove his punitive damages claim are disclosed in Defendants' proposed witness and exhibit list.  Plaintiff further argues that he should not be precluded from calling or utilizing any of Defendants' witnesses or exhibits because there would be no prejudice to the Defendants since Defendants obviously have notice of the disclosed list.

Defendants counter that Plaintiff has the ultimate burden of proof, and that Plaintiff cannot meet his burden by utilizing Defendants' witness and exhibit list. Defendants argue that Plaintiff has failed to create an issue of fact as to whether Plaintiff may somehow be entitled to a punitive damages award.

Defendants appear to be confusing the summary judgment standard with the motion to dismiss standard.  Plaintiff need only allege facts that state a claim upon which relief can be granted to survive a motion to dismiss.  Plaintiff's Amended Complaint does state sufficient facts upon which Defendants can be liable and upon which relief can be granted.  Plaintiff alleges Defendants willfully, wantonly, recklessly and maliciously violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-et seq., by discriminating against Plaintiff and terminating Plaintiff in retaliation for his

having filed a formal charge of discrimination with the EEOC. (Complaint ¶ 26, pg. 4-5, ECF No. 6).

Accordingly, Defendants appear to actually be arguing that at this stage in trial preparation, Plaintiff has not yet and (because discovery is closed) will not be able to in the future submit any evidence that his claim of punitive damages can be sustained. In other words, Plaintiff has stated a proper claim, however, no relief can be granted because Plaintiff has the burden of proof in a Title VII claim. Defendants are focusing upon the fact that Plaintiff has not produced any evidence to support his claims, but that is not the proper standard for a motion to dismiss. Defendants should have more properly filed a motion for summary judgment to assert a claim that insufficient evidence exists to justify proceeding to trial.

### a.    FRCP 26

The broad purpose of the discovery rules is to enable parties to prepare for trial, and it is not their purpose to give one party strategic advantage over other. *Cooper v. Stender*, 30 F.R.D. 389, 393 (E.D.Tenn.1962). "A trial is not a sporting event, and discovery is founded upon policy that search for truth should be aided." *Tiedman v. American Pigment Corp.*, 253 F.2d 803 (4th Cir. 1958). "Generally, the purpose of discovery in civil actions is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388 (C.D.Cal.2002). Finally, "[r]ules governing discovery provide for judicial intervention to settle disputes about scope of discovery and to enforce a legitimate request by one party for information or documents from other party, but they do not give district courts authority to compel a litigant to engage in discovery in first instance." *Indentiseal Corp. of Wisconsin v. Positive Identification Systems, Inc.*, 560 F.2d 298 (7th Cir. 1977).

Accordingly, a party is not required to list itself (assuming it is an individual and not an entity) as a witness. Failure to do so would not preclude the party from testifying. However, if a party fails to provide information or identify any other witness as required by Federal Rule of Civil Procedure 26 (a) or (e), then Rule 37(c) provides for sanctions. These sanctions include: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless"; an order to pay the "reasonable attorney's fees, caused by the failure"; informing the jury of the failure; or other appropriate sanctions, including dismissal. Fed. R. Civ. P. 37(c).

In this case, Plaintiff failed to provide the initial disclosures required by Rule 26(a). Therefore, plaintiff is not allowed to use any witness he failed to disclose in his case in chief.

### b.    FRCP 37(c)

However, there is nothing in the rules that would preclude Plaintiff from using witnesses from Defendant's witness list in its case-in-chief. The duty to disclose imposed by Rule 26(a) was meant as a way to facilitate discovery without having to await formal discovery requests so that parties can prepare for trial or make an informed decision about settlement. (*See* Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 26(a)). The sanction to preclude the party that failed to disclose potential witnesses or evidence is meant to prevent unfair play between parties, i.e. litigation by surprise.

Rule 37(c) allows an untimely disclosure if the disclosure is harmless. In the Advisory Committee Notes on the 1993 Amendments the commentators discuss that although listing a witness does not obligate the party to secure the attendance of the person at trial it should preclude the party from objecting if the person is called to testify by another party who did not list the person as a witness. This is the scenario presented

in this case.  Plaintiff will be unable to call any witnesses or present evidence that he did not disclose, but he will not be precluded from using Defendants' witness list.  There is no prejudice to Defendants by allowing Plaintiff to call witnesses from Defendants' list because Defendants are aware of all the individuals listed and had the opportunity to dispose witnesses on their list.

Since a Plaintiff can recover punitive damages without having suffered actual damages, *see Wilson v. Brinker Intern., Inc.,* 248 F.Supp.2d 856 (D. Minn. 2003) Plaintiff does still have a claim.  Defendants' motion to dismiss is therefore, DENIED.

DATED this 7th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge