## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EGHOMWARE IGBINOVIA,  )<br>                                                     )<br>            Plaintiff,                       )<br>      vs.                                          )<br>                                                     )<br> CATHOLIC HEALTHCARE WEST; ST. )<br> ROSE COMINICAN HOSPITALS-     )<br> SIENA CAMPUS; JASON GLICK,    )<br> individually; DOES I through V, and ROE )<br> CORPORATIONS I through V,,        )<br>                                                     )<br>            Defendants.                    ) | Case No.: 2:07-cv-01170-GMN-GWF<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Defendants' Motion for Attorney's Fees and Costs (ECF No. 66) as the prevailing party on a motion granting Partial Summary Judgment (ECF No. 62). Plaintiff filed a timely Response (ECF No. 68) and Defendants subsequently filed a Reply (ECF No. 69).

For the following reasons the Court DENIES Defendants' Motion for Attorney's Fees and Costs, without prejudice.

## **FACTS AND BACKGROUND**

This case involves an employment discrimination claim brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the corresponding Nevada Revised Statute 613.330 et seq. by Plaintiff, Eghomware Igbinovia, against Defendants, St. Rose Dominican Hospitals-Siena Campus ("Rose"), a hospital owned by Catholic Healthcare West ("Healthcare"), and Jason Glick ("Glick"), Plaintiff's supervisor. Plaintiff was a pharmacist employed by Rose and was the only African-American employed at all three of Rose's Las Vegas locations. (Complaint pg. 2, ECF No. 1). In the Complaint, Plaintiff

alleges that his white colleagues were given preferential assignments to the ICU unit and promotions to pharmacy supervisor positions. (*Id.* at pp. 2-3). On February 7, 2007, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC'"). (*Id.* at pg. 3). Almost three weeks later, on February 27, 2007, Plaintiff was terminated, allegedly for his internet usage and a decline in his productivity. (*Id.*).

After filing a formal charge of discrimination with the EEOC, Plaintiff received a right-to-sue notice on June 25, 2007. On August 30, 2007, Plaintiff filed his Original Complaint in the U.S. District Court for the District of Nevada. This Original Complaint asserted three causes of action against Healthcare and Rose: (1) unlawful discriminatory employment action; (2) retaliation; and (3) wrongful termination. The 90-day limitations period for bringing a Title VII action after the issuance of a right-to-sue notice expired September 26, 2007. The Original Complaint was never served on Healthcare or Rose. However, before the 120-day time period to serve process on the Original Complaint under Fed. R. Civ. P. 4(m) expired on December 30, 2007, Plaintiff filed an Amended Complaint adding Glick as a defendant to the three original causes of action. Plaintiff served all Defendants with the Amended Complaint prior to December 30, 2007.

On July16, 2008, the Court filed an Order (ECF No. 28) dismissing Plaintiff's Title VII and N.R.S. 613.330 claims against Glick. Additionally, the Court granted Plaintiff's Counter-Motion for Leave to Amend, permitting Plaintiff to file a second amended complaint to add claims of intentional and negligent infliction of emotional distress and to join Glick as a defendant to those claims. At the close of discovery, Defendants filed a motion seeking partial summary judgment on Plaintiff's claims for (1) intentional inflictions of emotional distress; (2) negligent infliction of emotional distress; and (3) full front/back pay. (Motion for SJ pg. 7, ECF No. 61). The Court

granted Defendants' motion. (*Id.*).  Clerk's Judgment in favor of Defendants with regard to the three claims was entered on March 5, 2010. (ECF No. 62).  Defendants filed a memorandum for Attorney's Fees and Costs on March 15, 2010 and were subsequently directed on March 16, 2010 to re-file using the "Bill of Costs" event from the Court's Website. (ECF No. 64).  Defendants then filed a Bill of Costs on March 17, 2010 and a Motion for Attorney's Fees and Costs on March 18, 2010. (ECF No. 65 & 66).

## **DISCUSSION**

Rule 54(d)(1) entitles the prevailing party to reasonable costs. Fed. R. Civ. P. 54(d)(1).  The Local Rules of Civil Practice require the prevailing party to serve and file a bill of costs and disbursement on the form provided by the clerk no later than fourteen (14) days after the date of entry of the judgment. Local R. of Civ. Prac. 54-1(a).  The bill of costs and disbursements shall set forth each item distinctly so that it can be readily understood. Local R. Civ. Prac. 54-1(b).  An itemization and documentation of requested costs in all categories must be attached to the bill of costs. Local R. Civ. Prac. 54-1(b). Local Rules 54-2 through 54-10 specify what costs shall be reimbursed.

Rule 54(d)(2) permits a court to award attorney's fees under certain circumstances. Unless a statute or court order otherwise permits, such a motion must be made within fourteen (14) days of judgment. Fed. R. Civ. P. 54(d)(2)(A)(i).  The motion must specify the judgment it relates to and the statute, rule, or other grounds entitling the movant to fees. Fed. R. Civ. P. 54(d)(2)(A)(ii).  The Local Rules of Civil Practice are very exacting. The Local Rules require a motion for attorney's fees to include, in addition to a "reasonable itemization and description of the work performed," each of the following:

(A) The results obtained and the amount involved;
(B) The time and labor required;
(C) The novelty and difficulty of the questions involved;
(D) The skill requisite to perform the legal service properly;

  (E) The preclusion of other employment by the attorney due to acceptance of the case;
  (F) The customary fee;
  (G) Whether the fee is fixed or contingent;
  (H) The time limitations imposed by the client or the circumstances;
  (I) The experience, reputation, and ability of the attorney(s);
  (J) The undesirability of the case, if any;
  (K) The nature and length of the professional relationship with the client;
  (L) Awards in similar cases; and
  (M) Such other information as the court may direct.

Local R. Civ. Prac. 54-16(b)(3)-(4).  Additionally the Local Rules further require:

> (c)  Attorney Affidavit. Each motion must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable.
> (d)  Failure to provide the information required by LR 54-1 6(b) and (c) in a motion for attorney's fees constitutes a consent to the denial of the motion.

Local R. Civ. Prac. 54-16(c)-(d).

**A. Costs**

  Defendants filed a Bill of Costs on March 17, 2010, within fourteen (14) days of the entry of Clerk's Judgment in their favor. (ECF No. 65).  Defendants request costs in the amount of $1,448.39.  Plaintiff has filed no objection to the Bill of Costs.  However, Defendants do not specify if these costs were incurred in defending themselves against the claims for which they prevailed on its motion for partial summary judgment, or if these costs encompass the defense of all the claims.  The court is inclined to award costs but only for those costs incurred in defeating the claims set forth in the motion for partial summary judgment.  The Court orders Defendants to resubmit their motion with an explanation of the costs incurred in prevailing on their motion for partial summary judgment.

**B.      Attorney's Fees**

Defendants argue that they are entitled to attorney's fees pursuant to N.R.S. §18.010.  The statute provides for an award of attorney's fees, as follows:

> 1.  The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
>
> 2.   In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>  (a)    When the prevailing party has not recovered more than $20,000; or
>  (b)    Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

N.R.S. § 18.010.

Defendants' motion for attorney's fees requests an award of $51,444.50 without any itemization or description of the work performed. (ECF No. 66).  Defendants attached a detailed fee and transaction list to their Reply. (ECF No. 69-1).  However, the Defendants failed to provide a brief summary of any of the information required by LR 54-16(b)(3).  Furthermore, Defendants did not attach an affidavit from the attorney responsible for billings in the case authenticating the information contained in the motion

and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable. Therefore Defendants are ordered to resubmit their motion for attorney's fees to comply with the Local Rules of Civil Practice.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants Motion for Attorney's Fees and Costs (ECF No. 66) is DENIED, without prejudice.

IT IS FURTHER ORDERED that Defendants shall amend their Bill of Costs to indicate which costs were incurred in prevailing on their motion for partial summary judgment.

IT IS FURTHER ORDERED that Defendants shall amend their motion for attorney's fees to comply with the Local Rules of Civil Practice.

DATED this 29th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge