**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EGHOMWARE IGBINOVIA, ) | Case No.: 2:07-cv-01170-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| CATHOLIC HEALTHCARE WEST, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **INTRODUCTION**

Before the Court is Defendants Catholic Healthcare West, et al.'s Motion to Reconsider (ECF No. 79).  Plaintiff Eghomware Igbinovia filed a Response on January 19, 2011 (ECF No. 81) and Defendants filed a Reply on January 28, 2011 (ECF No. 82).

For the following reasons the Court DENIES the Motion to Reconsider (ECF No. 79).

## **BACKGROUND AND FACTS**

This case arises out of a claim of employment discrimination.  This lawsuit has been pending in this Federal District Court for almost four years and has had a complicated and confusing procedural history.   Relevant to the instant motion are the following procedural facts.

Plaintiff was given leave to file a Second Amended Complaint (SAC) by the Court on July 16, 2008 (ECF No. 28).  Plaintiff alleges five causes of action in his complaint: (1) unlawful discrimination employment action, (2) retaliation, (3) wrongful termination, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.  Defendants filed an Answer to the SAC on July 28, 2008 (ECF No. 29).

After almost a year of litigation and discovery, Defendants filed a Motion for Partial Summary Judgment on June 29, 2009 (ECF No. 48).  Defendants moved the court to grant

summary judgment in their favor for the intentional and negligent infliction of emotional distress claims as well as the claim for front and back pay. This Court granted the motion for partial summary judgment in Defendants' favor (ECF No. 61). Following the issuance of that order, Defendants filed a motion to dismiss (ECF No. 70). This Court denied the motion to dismiss because Plaintiff had alleged facts to state a claim upon which relief can be granted under the Rule 8(a)(2) pleading requirement.

Defendants filed the instant Motion for Reconsideration, requesting that the Court reconsider the original motion to dismiss under the motion for summary judgment standard. The Court reconsiders its prior ruling and again denies Defendants' motion.

## ANALYSIS

Under Rule 60(b)(1), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b) and (b)(1). Whether mistake, inadvertence, surprise, or excusable neglect justifies relief in any particular case is within the discretion of the district court. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The determination turns on the particular facts of each case, and the case law is generally only helpful by analogy to rulings on existing fact patterns. 12 MOORE, FEDERAL PRACTICE § 60.41[1][a] (3d ed. 2008).

"A motion to reconsider must provide a court with valid grounds for reconsideration by (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003)(citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 – 49 (D.Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *School Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).

      Defendants contend that the Court should reconsider its denial of the motion to dismiss because they made a mistake in filing a motion to dismiss instead of a motion for summary judgment. The court does find that there was a mistake but not the same mistake to which Defendants are referring. The Court should never have addressed the motion to dismiss as it was filed well after the deadline to file dispositive motions. Pursuant to the stipulated discovery plan filed by the parties and approved by the Court on December 17, 2008, discovery was scheduled to end on May 29, 2009. (ECF No. 37) According to that discovery order, the parties had until June 29, 2009 to file dispositive motions which was in accord with Local Rule 26-1(e)(4) which typically sets the dispositive motions deadline 30 days after the close of discovery. (*Id.*) Any modifications to the discovery plan were required to be made not more than twenty days before the discovery cut-off date and would need to comply fully with Local Rule 26-4. (*Id.*)

      Defendants made the choice to file a motion for <u>partial</u> summary judgment on the last day available to them under the discovery order and local rule. Therefore, Defendants' decision to file a motion for only a partial summary judgment on the last available day precluded them from seeking further relief on a later date. Defendants failed to request an extension to file an additional dispositive motion or leave to file a late dispositive motion. Therefore, any dispositive motion filed after the deadline in the scheduling order (whether styled as a motion to dismiss or motion for summary judgment) can be denied solely on the ground that it was untimely. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-069 (9th Cir. 1992). Therefore, the Court should not have addressed the motion to dismiss.

      While this procedural mistake has caused much wasted time and expense to both parties the Court cautions that this could have been avoided. For example, the Court discovered that

1  Defendants had never filed an answer to the second amended complaint.  Defendants filed an
2  answer to the first amended complaint on July 28, 2008 (ECF No. 29), however the Court
3  granted Plaintiff's motion to file a second amended complaint on July 16, 2008 (ECF No. 28).
4  Thereafter, Defendants never filed an answer to Plaintiff's claims for intentional and negligent
5  infliction of emotional distress.  The Defendants are fortunate that the Court did not address this
6  when they filed their motion for partial summary judgment.  However, it also appears that
7  Plaintiff failed to notice this or at least did not bring it to the attention of the Court.  The Court is
8  not going to revisit every procedural discrepancy and dispute that has occurred in this case.
9  Suffice it to say that this matter has been pending for almost four years and it is now time for it
10 to proceed to trial.  While Defendants do have a compelling argument that Plaintiff will not be
11 able to prove his case at trial, Defendant's litigation decisions have created a procedural bar
12 which prevents the Court from further addressing this issue.  Therefore, the Court is ordering the
13 parties to submit a joint pretrial order by September 6, 2011.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants Catholic Healthcare West, et al.'s Motion to Reconsider (ECF No. 79) is **GRANTED in part** and **DENIED in part**.

The Court does reconsider its previous Order on Defendant's Motion to Dismiss (ECF No. 70).  The Court determines that it should have never considered Defendants' motion as it was filed after the dispositive motions deadline stated in the scheduling Order.  The Court **DENIES** Defendants' requested relief to dismiss this case.

**IT IS FURTHER ORDERED** that the parties shall submit a joint pretrial order **by September 6, 2011.**

DATED this 4th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge