# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EGHOMWARE IGBINOVIA, | Case No.: 2:07-cv-01170-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| CATHOLIC HEALTHCARE WEST, et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendants Catholic Healthcare West, et al.'s Amended Motion for Attorneys' Fees and Costs (ECF No. 80). Plaintiff Eghomware Igbinovia filed a Response (ECF No. 83) and Defendants filed a Reply (ECF No. 84).

For the following reasons the Court DENIES the Amended Motion for Attorneys' Fees without prejudice (ECF No. 80).

## BACKGROUND AND FACTS

This case arises out of a claim of employment discrimination. Relevant to the instant motion are the following procedural facts.

Plaintiff was given leave to file a Second Amended Complaint (SAC) by the Court on July 16, 2008 (ECF No. 28). Plaintiff alleges five causes of action in his complaint: (1) unlawful discrimination employment action, (2) retaliation, (3) wrongful termination, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress. Defendants filed an Answer to the SAC on July 28, 2008 (ECF No. 29).

After almost a year of litigation and discovery, Defendants filed a Motion for Partial Summary Judgment on June 29, 2009 (ECF No. 48). Defendants moved the court to grant summary judgment in their favor for the intentional and negligent infliction of emotional distress claims as well as the claim for front and back pay. This Court granted

the motion for partial summary judgment in Defendants' favor (ECF No. 61).  Following the issuance of that order, Defendants filed a motion to dismiss (ECF No. 70).  This Court denied the motion to dismiss because Plaintiff had alleged facts to state a claim upon which relief can be granted under the Rule 8(a)(2) pleading requirement (ECF No. 77).  Defendants also filed a motion for attorney's fees (ECF No. 66) which was denied without prejudice for failure to follow the local procedural rules (ECF No. 78).  Defendants then filed a motion for reconsideration, requesting that the Court reconsider the original motion to dismiss under the motion for summary judgment standard (ECF No. 79).  This Court ultimately denied the motion to reconsider which could have resulted in dismissing the entire case (ECF No. 85).

Defendants filed the Amended Motion for Attorneys Fees and Costs on January 14, 2011 (ECF No. 80).  The current procedural posture of this case is that the parties have submitted their joint pretrial order to the court and have indicated their intent to proceed to trial.  Partial summary judgment has been granted in favor of Defendants (ECF No. 61), and the only remaining issue for trial is whether or not Plaintiff is entitled to a punitive damages award based on his discrimination, retaliation and wrongful termination claims under Title VII and Nevada Law.

## DISCUSSION

**A.    Costs**

Rule 54(d)(1) entitles the prevailing party  to reasonable costs. Fed. R. Civ. P. 54(d)(1).  Defendants submit an itemization of costs for an amount totaling $1,448.39. (*See* Exhibit A, ECF No. 80-1.)  Although this itemization covers costs for essentially the entire litigation period, Defendants state that this is the amount incurred in prevailing on the motion for partial summary judgment.  Given that the only remaining claim is for punitive damages, which is derivative to the claims found in favor of Defendants, the Court determines that the itemization is correct and reasonable.  Defendants would not

expend any additional resources for the punitive damages claims in defending against the claims of NIED, IIED and front and back pay damages.  Defendants' motion for costs is GRANTED.

**B.    Attorneys' Fees**

Each party in a lawsuit ordinarily shall bear its own attorney's fees; this is known as the "American Rule." *Hensley v. Eckerhart*, 461 U.S. 424, 429 103S.Ct. 1933, 1937 (1983).  However, Rule 54(d)(2) authorizes a federal court to award attorney fees only if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the court awards fees pursuant to its inherent equitable power in the interest of justice. *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100 (9th Cir. 1979).  Defendants fail to provide any persuasive basis for a Rule 54(d)(2) award fo attorney's fees.

Defendants only cited to N.R.S. §18.010 as the statutory authority that would allow them to recover attorney's fees in this case.  This court cannot look to state law to award attorneys' fees because this court's jurisdiction is not based on diversity jurisdiction.  Furthermore, Defendants' argument for recovering attorneys' fees relates to misconduct on the part of the Plaintiff's attorneys and Plaintiff himself during discovery. Defendants argue that the claims and litigation practice was frivolous and involved failures to designate witnesses, untimely responses and numerous emergency motions. However, when attorney fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural, for purposes of determining whether to apply state or federal law. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832 (9th Cir., 2001).  Thus, Defendants must demonstrate that a federal statute or rule that would allow the court to award attorney's fees.

Although not prominent in Defendant's motion they do mention that 42 U.S.C. § 2000e-5(k) allows the court, in its discretion, to grant the prevailing party a reasonable

attorney's fee.  Under this statute, a court may award attorney fees only if it finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *See Harris v. Maricopa County Superior Court*, 631 F.3d 963 (9th Cir. 2011).  "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (citing *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quotation marks omitted)).  A district court may also award attorney's fees to a prevailing defendant if the plaintiff continued to litigate after it clearly became frivolous, unreasonable, or groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694 (1978).

This Court finds that Plaintiff's Complaint was not frivolous, unreasonable or without foundation when originally brought.  This is evidenced by this Court refusal to dismiss Plaintiff's Complaint or Amended Complaint in entirety. (*See* ECF No. 28).  A December 2008 Stipulation by the parties requested that this Court grant a continuance due to the fact that Plaintiff's counsel had suffered a stroke and new counsel had to be retained (ECF No. 35).  Although Plaintiff's participation (or lack thereof) in discovery, is not conduct that this court would recommend other parties follow, Plaintiff never fully stopped participating in the litigation, seemed to try to correct the mistakes when new counsel was hired.  Therefore, as the initiation of the lawsuit was not frivolous, unreasonable or without foundation when originally brought, the court will not award attorney's fees.

However, the Court does question Plaintiff's continued adherence to a punitive damages claim.[1]  Most if not all of Plaintiff's exhibits have deemed excluded by prior

---

[1] The Court will not revisit the issue, but will remark that this case has been a procedural nightmare.

rulings of this Court. (*See* Order, ECF No. 61.)  It is difficult for the Court to imagine what evidence Plaintiff will offer, although he continues to profess of such evidence. Therefore, the Court will revisit the issue of attorney's fees after trial.  If the Court then finds that Plaintiff continued to pursue his punitive damages claim in frivolity after it was clear that he had no evidence to support such a claim, the Court will award attorney's fees to Defendants for the work incurred following the Order on partial summary judgment until final judgment.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees and Costs (ECF No. 80) is GRANTED in part and DENIED in part.

Defendant is awarded its costs in the amount of $1,448.39.

Defendants' Motion for Attorney Fees is DENIED without prejudice in accordance with this Order.

DATED this ___15___ day of _____September_____, 2011.


_____
Gloria M. Navarro
United States District Judge